IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| HOOSIER TRADEWINDS, INC. n/k/a TRADEWINDS, Plaintiff, | ) | |
| v. | ) | No. 07-862C (Judge Horn) |
| THE UNITED STATES, Defendant. | ) | |

**DEFENDANTS' MOTION TO DISMISS**

Respectfully submitted,

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

REGINALD T. BLADES Jr.
Assistant Director

COURTNEY SHEEHAN
Department of Justice
Trial Attorney
Commercial Litigation Branch
Civil Division
1100 L Street, N.W.
Attn: Classification Unit
8th Floor
Washington, DC 20530
Tel. (202) 353-7995
Fax. (202) 514-8624

Attorneys for Defendant

Of Counsel:
LTC KEVIN ROBITAILLE
J. MACKEY IVES
Department of the Army
901 N. Stuart Street, Suite 400
Arlington, VA 22203
Tel. (703) 696-1616
Fax. (703) 696-2532

MARY F. WITHUM
Trial Counsel
Office of the General Counsel
Department of Transportation
1200 New Jersey Avenue, SE
Washington, DC 20590
Tel. (202) 366-9287
Fax. (202) 493-0154

# TABLE OF CONTENTS

MEMORANDUM OF LAW . . . . . . . . . . 1

ISSUES PRESENTED . . . . . . . . . . 1

STATEMENT OF THE CASE AND FACTS . . . . . . . . . . 2

SUMMARY OF THE ARGUMENT . . . . . . . . . . 3

ARGUMENT . . . . . . . . . . 3

I. The Standard Of Review For Dismissal For Lack Of Subject Matter Jurisdiction . . . . . . 3

II. The Court Should Dismiss The Complaint For Lack Of Subject Matter Jurisdiction Because Tradewinds Has Neither Alleged Nor Established The Elements Of An Express Or Implied Contract With The United States . . . . . . . . . . 6

III. The Court Should Dismiss The Complaint For Lack Of Subject Matter Jurisdiction Because Tradewinds Has Failed To Demonstrate The Existence Of Privity Of Contract . 9

IV. Tradewinds Improperly Relies Upon The Contract Disputes Act To Invoke This Court's Jurisdiction . . . . . . . . . . 11

V. If Tradewinds Were To Possess A Valid Claim Under The Contract Disputes Act, This Court Would Not Possess Subject Matter Jurisdiction Because CDA Prerequisites Have Not Been Followed . . . . . . . . . . 12

VI. Tradewinds's Complaint Is Barred By The Statute Of Limitations . . . . . . . . . . 14

CONCLUSION . . . . . . . . . . 15

# TABLE OF AUTHORITIES

## FEDERAL CASES

Aetna Casualty & Surety Co. v. United States, 655 F.2d 1047 (Ct. Cl. 1981) . . . . . . . . . . . . . . . 5

Alaska v. United States, 32 Fed. Cl. 689 (Fed. Cl. 1995), appeal dismissed, 86 F.3d 1178 (Fed. Cir. 1996) . . . . . . . . . . 4

Arakaki v. United States, 71 Fed. Cl. 509 (Fed. Cl. 2006) . . . . . . . . . . . . . 13

Baggett Transportation Co. United States, 23 Cl. Ct. 263 (Ct. Cl. 1991), aff'd 969 F.2d 1028 (Fed. Cir. 1992) . . . . . . . . . . 8

Booth v. United States, 990 F.2d 617 (Fed. Cir. 1993) . . . . . . . . . . . . . 3

City of Cincinnati v. United States, 153 F.3d 1375 (Fed. Cir. 1998) . . . . . . . . . . . 6

City of El Centro v. United States, 922 F.2d 816 (Fed. Cir. 1990) . . . . . . . . . . . 6

Dalton v. Sherwood Van Lines, Inc., 50 F.3d 1014 (Fed. Cir. 1995) . . . . . . . . . . 8, 12

England v. The Swanson Group, 353 F.3d 1375 (Fed. Cir. 2004) . . . . . . . . . . . 14

Erikson Air Crane v. United States, 731 F.2d 810 (Fed. Cir. 1984) . . . . . . . . . . . 10

Fidelity Construction Co. v. United States, 700 F.2d 1379 (Fed. Cir. 1983), cert. denied, 464 U.S. 826 (1983) . . . . . . . . . . 5

Globex Corp. v. United States, 54 Fed. Cl. 343 (Fed. Cl. 2002) . . . . . . . . . . 9, 10, 11

Guardsman Elevator Co. v. United States, 50 Fed. Cl. 577 (Fed. Cl. 2001) . . . . . . . . 10

Hamlet v. United States, 873 F.2d 1414 (Fed Cir. 1989) . . . . . . . . . . . . . 4

Harbert/Lummus Agrifuels Projs. v. United States, 142 F.3d 1429 (Fed. Cir. 1998) . . . . . . 6

Henke v. United States, 60 F.3d 795 (Fed. Cir. 1995) . . . . . . . . . . . . . 4

Heydt v. United States, 38 Fed. Cl. 286 (Fed. Cl. 1997) . . . . . . . . . . . . . 7

Holley v. United States, 124 F.3d 1462 (Fed. Cir. 1997) . . . . . . . . . . . . . 4

Indium Corp. of Am. v. Semi-Alloys, Inc., 781 F.2d 879 (Fed Cir. 1985)), aff'd, 101 F.3d 714 (Fed. Cir. 1996) (table) . . . . . . . . . . 4

Inter-Coastal Xpress, Inc. v. United States, 296 F.3d 1357 (Fed. Cir. 2002) . . . . . . . . . . . . . 4, 12

Lockheed Martin Corp. v. United States, 70 Fed. Cl. 745 (Fed. Cl. 2006) . . . . . . . . . . . . . . 13, 14

Martinez v. United States, 333 F.3d 1295 (Fed. Cir. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

McNutt v. Gen. Motors Acceptance Corp., 298 U.S. 178, 189 (1936) . . . . . . . . . . . . . . . . . . . 3, 4

Perri v. United States, 340 F.3d 1337 (Fed. Cir. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Reynolds v. Army & Air Force Exch. Serv., 846 F.2d 746 (Fed. Cir. 1988) . . . . . . . . . . . . . . . . . 3

Sarang Corp. v. United States, 76 Fed. Cl. 560 (Fed. Cl. 2007) . . . . . . . . . . . . . . . . . . . . . . . 13, 14

Scheuer v. Rhodes, 416 U.S. 232 (1974) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Smith v. United States, 51 Fed. Cl. 36 (Fed. Cl. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Thomas v. United States, 34 Fed. Cl. 619 (Fed. Cl. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Town of Floyd v. United States, 34 Fed. Cl. 170 (Fed. Cl. 1995) . . . . . . . . . . . . . . . . . . . . . . . 6, 8

United States v. Johnson Controls, Inc., 713 F.2d 1541 (Fed. Cir. 1983) . . . . . . . . . . . . . . . 10, 11

United States v. Nordic Village, Inc., 503 U.S. 30 (1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

United States v. Sherwood, 312 U.S. 584 (1941) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 5

United States v. Testan, 424 U.S. 392 (1976) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 5

Zakiya v. United States, 79 Fed. Cl. 231 (Fed. Cl. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

FEDERAL STATUTES

28 U.S.C. § 1491 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 8, 9

28 U.S.C. § 2501 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

41 U.S.C. § 601 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 12

49 U.S.C. § 40110(d)(4) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

FEDERAL RULES

RCFC 12(b)(1) . . . . . . . . . . . . 1, 3, 15

FEDERAL REGULATIONS

48 C.F.R. § 2.101 . . . . . . . . . . . . 13

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| HOOSIER TRADEWINDS, INC. n/k/a TRADEWINDS, | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 07-862C |
| | ) | (Judge Horn) |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

**DEFENDANTS' MOTION TO DISMISS**

Pursuant to Rule 12(b)(1) of the Rules of the United States Court of Federal Claims ("RCFC"), defendant, the United States, respectfully requests that the Court dismiss plaintiff's, Hoosier Tradewinds, Inc.'s ("Tradewinds"), complaint in the above-captioned case because the Court does not possess subject matter jurisdiction to entertain Tradewinds's claims. In support of this motion, we rely upon Tradewinds's complaint and the following memorandum of law.

**MEMORANDUM OF LAW**

**ISSUES PRESENTED**

1. Whether Tradewinds has alleged the existence of an express or implied contract with the United States such that this Court would possess jurisdiction to entertain Tradewinds's claims.

2. Whether Tradewinds has demonstrated or sufficiently alleged privity of contract with the Government, or an exception to that prerequisite for suit against the Government.

3. Whether the Contract Disputes Act applies to Tradewinds's claims.

4. Whether, assuming Tradewinds had sufficiently alleged a valid Contract Disputes Act claim, Tradewinds complied with the prerequisites under the Contract Disputes Act of submitting a claim to, and obtaining a final decision from, a contracting officer.

5. Whether, assuming Tradewinds had sufficiently alleged a valid contract claim, its claims are nonetheless barred by the applicable statute of limitations.

## STATEMENT OF THE CASE AND FACTS

The facts that are pertinent to our motion to dismiss are not, for the purposes of our motion, in dispute.[1] On December 6, 2007, Hoosier Tradewinds, Inc., a corporation authorized to do business in Indiana, filed its complaint with this Court. Tradewinds's complaint alleges that the United States purchased the plaintiff's transportation services through the agent of the defendant, Trism Special Services ("Trism"). Compl. ¶¶ 1, 2.[2] In its complaint, Tradewinds asserts that it provided carrier services for the United States from June 2001 through August 2001 totaling $16,313, which the United States purportedly owes but has not paid. Compl. ¶ 3. According to Tradewinds, the United States paid the $16,313 to Trism, who was to pay Tradewinds, but Trism filed Chapter 11 bankruptcy on December 11, 2001, and failed to pay plaintiff. Compl. ¶ 4. Tradewinds asserts that the United States is liable for payment under the Contract Disputes Act, 41 U.S.C. § 601 *et seq.*, because Tradewinds's claim is founded upon an express and implied contract for services with the United States Government. Compl. ¶ 6. Although plaintiff alleges in its complaint that there is privity of contract between plaintiff and

[1] For purposes of this motion only, we accept as true certain factual allegations set forth in the complaint. Should this motion be denied, we reserve the right to controvert any and all allegations in the complaint not admitted in our answer.

[2] Citations to "Compl. ¶" refer to a specific paragraph of plaintiff's complaint.

the United States, nowhere in Tradewinds's complaint does it allege that it executed a contract with the Government. Compl. ¶ 12. Plaintiff further asserts that its cause of action accrued on or after December 11, 2001, the date Trism filed for Chapter 11 bankruptcy protection. Compl. ¶ 4.

## SUMMARY OF THE ARGUMENT

This Court should dismiss the complaint because it does not possess subject matter jurisdiction. Tradewinds has failed to demonstrate, or sufficiently allege, sufficient facts to establish that this Court possesses jurisdiction to entertain Tradewinds's claims. Tradewinds has failed to allege facts that support the existence of any express or implied contract between Tradewinds and the Government that would serve as the basis for a valid claim against the Government. Nor has Tradewinds alleged any facts that would demonstrate that it was either in privity of contract with the Government or that the circumstances warrant application of any exception to that requirement. Even assuming that Tradewinds had sufficiently alleged a valid contractual cause of action against the Government, the Court still does not possess jurisdiction because Tradewinds has not demonstrated that it complied with requirements of the Contract Disputes Act or that it has initiated this action within the applicable statute of limitations. Therefore, this Court should dismiss the complaint pursuant to RCFC 12(b)(1).

## ARGUMENT

### I. The Standard Of Review For Dismissal For Lack Of Subject Matter Jurisdiction

Subject matter jurisdiction may be challenged at any time by the parties, by the Court sua sponte, or upon appeal. Booth v. United States, 990 F.2d 617, 620 (Fed. Cir. 1993). Once jurisdiction is challenged by the Court or the opposing party, the plaintiff bears the burden of establishing jurisdiction. McNutt v. Gen. Motors Acceptance Corp., 298 U.S. 178, 189 (1936).

A plaintiff must establish jurisdiction by a preponderance of the evidence. Reynolds v. Army & Air Force Exch. Serv., 846 F.2d 746, 748 (Fed. Cir. 1988); Alaska v. United States, 32 Fed. Cl. 689, 695 (1995), appeal dismissed, 86 F.3d 1178 (Fed. Cir. 1996). "Determination of jurisdiction starts with the complaint, which must be well-pleaded in that it must state the necessary elements of the plaintiff's claim, independent of any defense that may be interposed." Holley v. United States, 124 F.3d 1462, 1465 (Fed. Cir. 1997). "In ruling on a motion to dismiss for lack of jurisdiction, the court is not confined to an examination of the complaint, but may take into account 'evidentiary matters outside the pleadings.'" Thomas v. United States, 34 Fed. Cl. 619, 621 (1995) (quoting Indium Corp. of Am. v. Semi-Alloys, Inc., 781 F.2d 879, 884 (Fed Cir. 1985)), aff'd, 101 F.3d 714 (Fed. Cir. 1996) (table).

When deciding a motion to dismiss based upon either lack of subject matter jurisdiction or failure to state a claim, this Court must assume that all undisputed facts alleged in the complaint are true and must draw all reasonable inferences in the plaintiff's favor. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); see also Henke v. United States, 60 F.3d 795, 797 (Fed. Cir. 1995); Hamlet v. United States, 873 F.2d 1414, 1416 (Fed Cir. 1989). If a defendant challenges the jurisdiction of the Court, however, the plaintiff cannot rely merely upon allegations in the complaint, but must instead bring forth relevant, competent proof to establish jurisdiction. McNutt, 298 U.S. at 189.

It is well-established that the United States Court of Federal Claims is a court of limited jurisdiction. Inter-Coastal Xpress, Inc. v. United States, 296 F.3d 1357, 1365-66 (Fed. Cir. 2002). Absent congressional consent to entertain a claim against the United States, the Court lacks authority to grant relief. United States v. Testan, 424 U.S. 392, 399 (1976); United States

v. Sherwood, 312 U.S. 584, 586 (1941). "Waivers of the Government's sovereign immunity, to be effective, must be unequivocally expressed" and its "consent to be sued must be construed strictly in favor of the sovereign and not enlarge[d] . . . beyond what the language requires." United States v. Nordic Village, Inc., 503 U.S. 30, 33-34 (1992) (citations and internal quotation marks omitted). As the United States Court of Appeals for the Federal Circuit has stated, "[i]n construing a statute waiving the sovereign immunity of the United States, great care must be taken not to expand liability beyond that which was explicitly consented to by Congress." Fidelity Construction Co. v. United States, 700 F.2d 1379, 1387 (Fed. Cir. 1983), cert. denied, 464 U.S. 826 (1983).

The central provision granting consent to suit in this Court is the Tucker Act, 28 U.S.C. § 1491. Testan, 424 U.S. at 397; Aetna Casualty & Surety Co. v. United States, 655 F.2d 1047, 1051 (Ct. Cl. 1981). Pursuant to the Tucker Act, an action may be maintained only if it is "founded either upon the Constitution or any Act of Congress, or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). The Tucker Act itself creates no substantive right of recovery against the United States. Testan, 424 U.S. at 398. Rather, the Act only confers jurisdiction upon the Court when there is an existing substantive right to money currently due and owing. Id. Thus, to establish that this Court possesses jurisdiction over its case, plaintiff must allege, and demonstrate with relevant, competent proof, a claim for money damages that must arise from a violation of the Constitution, a statute or regulation, or contractual rights which may be fairly interpreted as requiring the payment of compensation by the United States. Testan, 424 U.S. at 401-02.

## II. The Court Should Dismiss The Complaint For Lack Of Subject Matter Jurisdiction Because Tradewinds Has Neither Alleged Nor Established The Elements Of An Express Or Implied Contract With The United States

To establish the existence of either an express or implied-in-fact contract with the United States, Tradewinds must demonstrate: (1) mutual intent to contract; (2) consideration; (3) lack of ambiguity in an offer and acceptance; and (4) actual authority on the part of the Government representative to bind the United States in contract. See Harbert/Lummus Agrifuels Projs. v. United States, 142 F.3d 1429, 1434 (Fed. Cir. 1998); City of El Centro v. United States, 922 F.2d 816, 820 (Fed. Cir. 1990). To prove an implied-in fact contract, Tradewinds must establish all of the above elements by alleging conduct from which the existence of a contract can be inferred. See City of Cincinnati v. United States, 153 F.3d 1375, 1377 (Fed. Cir. 1998) (citations omitted); Town of Floyd v. United States, 34 Fed. Cl. 170, 172-173 (1995). Even liberally construed, the materials in Tradewinds's complaint demonstrate that none of the required elements exist to establish an express or implied-in-fact contract with the Government.

Tradewinds attempts to invoke the jurisdiction of this Court by alleging that there is privity of contract between the United States and Tradewinds because Trism, a shipping broker purportedly working for the United States, failed to pay plaintiff for transportation services provided in 2001. Apparently, Trism hired Tradewinds to perform transportation services as evidenced by the invoices attached to the complaint, which Trism allegedly failed to pay. Compl. ¶¶ 4, 5; Exhibits 1,4,7,10,13,16,and 19. This contention, however, fails to allege the creation of an express or implied-in-fact contract with the Government.

First, Tradewinds's complaint does not allege conduct demonstrating mutual intent by both parties to enter into a contract. "The mere conferring of a benefit on the government does

not create an implied-in-fact contractual relationship. Implied-in-fact contracts require conduct of the parties manifesting assent." Heydt v. United States, 38 Fed. Cl. 286, 302 (1997) (citing Chavez v. United States, 18 Cl. Ct. 540, 545 (1989)). Tradewinds's complaint fails to allege any facts indicating negotiations or consultation between authorized agents of the Government and Tradewinds to contract for the transport of the Government's property. Tradewinds's complaint merely alleges that Trism, the Government's "broker", failed to pay Tradewinds for transportation services that apparently Tradewinds performed for Trism. Compl. ¶¶ 4, 5. The failure by Trism to pay Tradewinds for transportation services does not demonstrate any intent to enter into a contract between Tradewinds and the United States Government or evidence the existence of any contractual relationship or privity of contract between Tradewinds and the United States.

Second, Tradewinds's complaint fails to allege facts establishing the existence of consideration. The complaint fails to allege a bargain between the parties upon which the Government agreed to provide payment or other compensation to Tradewinds or made a promise to Tradewinds in exchange for its services.

Third, Tradewinds's complaint neither alleges nor demonstrates an unambiguous offer and acceptance between Tradewinds and an authorized agent of the Government. See Heydt, 38 Fed. Cl. at 300 (the party asserting the existence of an implied-in-fact contract must show evidence from which a willingness to enter into a contract may be inferred; citations omitted)). Tradewinds's complaint fails to allege that Tradewinds ever made an unambiguous and unconditional offer, or tender, to perform transportation services for the Government for a set price. Nor does Tradewinds's complaint allege that the Government accepted an offer by directly

issuing Tradewinds a Government bill of lading, a document accepting a carrier's offer to perform.[3]

Finally, any alleged contract between Tradewinds and the Government is not binding upon the Government unless the agreement is entered into by a representative with actual authority to bind the Government. Town of Floyd v. United States, 34 Fed. Cl. 170, 173 (1995). Tradewinds's complaint fails to allege that it had any arrangements or contact with any agent authorized to bind the Government in contract. Tradewinds's only contact was with Trism, a commercial transportation broker purportedly working for the Government. Compl. ¶ ¶ 4, 5. Tradewinds had no dealings, contact, or association with any officer of the Government. Tradewinds's complaint simply includes the bare allegation that the defendant paid the broker, Trism, who failed to pay Tradewinds. Compl. ¶ 4. Tradewinds's complaint neither alleges nor demonstrates that Tradewinds entered into a contract with anyone vested with actual authority to contract on behalf of the Government. Consequently, Tradewinds's allegations are facially insufficient to establish any of the required elements of a contract with the Government.

Tradewinds has failed to allege any of the necessary elements to establish an express or implied-in-fact contract with the Government. To the extent that Tradewinds's complaint alleges that the Government owes damages to Tradewinds upon an implied-in-law contract, Compl. ¶ ¶ 4, 5, the Tucker Act does not confer jurisdiction upon this Court to adjudicate

---

[3] The contractual relationship between the Government and DoD-approved carriers is governed by the tender and the Government Bill of Lading ("GBL"). A tender constitutes a DoD-approved carrier's continuing offer to perform transportation services for a set price, while a GBL is the document accepting the DoD-approved carrier's offer to perform. Baggett Transportation Co. United States, 23 Cl. Ct. 263, 265 (1991), aff'd 969 F.2d 1028 (Fed. Cir. 1992). Each GBL constitutes an individual contract between the Government and the DoD-approved carrier. Dalton v. Sherwood Van Lines, 50 F.3d 1014, 1016 (Fed. Cir. 1995).

implied-in-law contracts with the Government. Perri v. United States, 340 F.3d 1337, 1343-1344 (Fed. Cir. 2003) ("We know of no case . . . in which either we, the Court of Claims, or the Court of Federal Claims has permitted quantum meruit recovery in the absence of some contractual arrangement"). Tradewinds cannot avail itself of this Court's jurisdiction to seek recovery from the Government in the absence of an express or implied-in-fact contract with the Government.[4]

Consequently, this Court is without jurisdiction to adjudicate plaintiff's claims and should order this action dismissed.

## III. The Court Should Dismiss The Complaint For Lack Of Subject Matter Jurisdiction Because Tradewinds Has Failed To Demonstrate The Existence of Privity Of Contract

Tradewinds's claims further fail because it has not demonstrated or sufficiently alleged privity of contract with the Government, or an exception to that requirement. "As a prerequisite to jurisdiction in this Court, a plaintiff asserting a contract claim must have privity of contract with the Government." Globex Corp. v. United States, 54 Fed. Cl. 343, 347 (Fed. Cl. 2002) (citing Nat'l Leased Hous. Ass'n v. United States, 105 F.3d 1423, 1345 (Fed. Cir. 1997)). "A finding of privity between the plaintiff and the Government is a jurisdictional prerequisite for a contract claim because '[t]he government consents to be sued only by those with whom it has privity of contract.'" Id. (citing Erikson Air Crane v. United States, 731 F.2d 810, 813 (Fed. Cir.

[4] In the absence of a contract, an action brought pursuant to the Tucker Act must identify a constitutional, statutory or regulatory provision mandating payment of monetary damages. Smith v. United States, 51 Fed. Cl. 36, 37 (Fed. Cl. 2001). The complaint in this action fails to identify or even allege the existence of a money-mandating provision upon which a claim for damages could be based. Tradewinds's complaint merely asserts that the Government is liable to pay Tradewinds because the Government's alleged broker, Trism, allegedly failed to pay plaintiff for goods purportedly transported by Tradewinds. Tradewinds fails to provide any detail as to any statutory basis for an obligation by the Government to pay Tradewinds. Compl. ¶¶ 4, 5, 12.

1984)). "Because subcontractors typically are not in privity of contract with the Government, the well-entrenched general rule is that subcontractors cannot directly sue the Government." Id. (citing United States v. Johnson Controls, Inc., 713 F.2d 1541, 1550 (Fed. Cir. 1983)).

Courts, at times, have recognized limited exceptions to this well-entrenched rule when a plaintiff subcontractor is said to "stand in the shoes" of a party with privity. Arakaki v. United States, 71 Fed. Cl. 509, 521 (Fed. Cl. 2006) (citing First Hartford Corp. Pension Plan & Trust v. United States, 194 F.3d 1279, 1289 (Fed. Cir. 1999)). Courts have also recognized that in rare instances privity of contract with the Government and a subcontractor may exist when the subcontractor is able to demonstrate that the prime contractor is a "mere government agent." Globex Corp., 54 Fed. Cl. at 347-48 (citing Johnson Controls, Inc., 713 F.2d at 1551)). Again, however, because a waiver of sovereign immunity must be strictly construed, this Court must narrowly construe allegations of privity of contract. See, e.g., id. at 348.

Tradewinds has failed to demonstrate or to allege sufficiently that it is either standing in the shoes of Trism or that Trism was acting as a government agent. First, Tradewinds is not claiming to be standing in the shoes of Trism because, as alleged in the complaint, the Government paid Trism but Trism allegedly failed to pay Tradewinds. Compl. ¶ 2. Moreover, "it is well-established that a subcontractor cannot recover directly from the United States for amounts owed it by a prime." Guardsman Elevator Co. v. United States, 50 Fed. Cl. 577, 581 n.5 (Fed. Cl. 2001) (citation omitted).

Similarly, Tradewinds has failed to allege sufficiently that Trism was acting as a government agent such that privity between the Government and Tradewinds could be deemed.

> In order to succeed on this "deemed privity" theory . . . a subcontractor must demonstrate that: the prime contractor was (1) acting as a purchasing agent for the government, (2) the agency relationship between the government and the prime contractor was established by clear contractual consent, and (3) the contract stated that the government would be directly liable to the vendors for the purchase price.

Globex Corp., 54 Fed. Cl. at 347-48 (citing Johnson Controls, 713 F.2d at 1551). "Courts look to the provisions of the prime contract to determine whether or not an agency relationship can be implied between the Government and the prime contractor." Id. (citations omitted). Tradewinds makes only conclusory allegations that Trism acted as the Government's "agent" and "broker." Compl. ¶ 5. Conclusory allegations, however, are patently insufficient to satisfy the elements of this narrowly construed exception to the well-established rule. "Consequently, this Court is proscribed from finding a waiver of sovereign immunity unless a contractor . . . has completely satisfied all of the elements of a recognized exception to the requirement of direct privity of contract, such as the 'deemed privity' exception articulated in the law of the Federal Circuit." Globex Corp., 54 Fed. Cl. At 348.

Tradewinds has, therefore, failed to demonstrate or to allege sufficiently that it is either standing in the shoes of Trism or that Trism was acting as a government agent. Consequently, this Court does not possess jurisdiction to entertain Tradewinds' claims.

## IV. Tradewinds Improperly Relies Upon The Contract Disputes Act To Invoke This Court's Jurisdiction

Even assuming for the sake of argument that Tradewinds has sufficiently alleged privity of contract between the United States and Tradewinds in this case, Tradewinds improperly relies upon the CDA to invoke the Court's jurisdiction. The CDA does not apply to Tradewinds's

claims. Tradewinds has attached numerous exhibits to its complaint indicating that the United States had issued several commercial bills of lading to Trism Specialized Services to provide various transportation services during June, July, and August, 2001. Trism subsequently entered into a relationship with Tradewinds to provide transportation services as evidenced by a "Brokerage Rate Confirmation" sheet. Compl. ¶ ¶ 3, 4, Exhibits 5, 8, 11, 14, 17, 20.

The United States Court of Appeals for the Federal Circuit has long held that when a common carrier provides transportation services to a Government agency under the Transportation Act of 1940, and a Government bill of lading serves the contract between the parties, claims arising in connection with that contract are not subject to the Contract Disputes Act, 41 U.S.C. § 601 *et seq*. Dalton v. Sherwood Van Lines, Inc., 50 F.3d 1014 (Fed. Cir. 1995); Inter-Coastal Xpress, Inc. v. United States, 296 F.3d 1357 (Fed. Cir. 2002). Although the attached bills of lading are "Commercial" and not "Government" bills of lading, the Dalton and Inter-Coastal decisions clearly hold that the Contract Disputes Act does not apply to or govern such contracts. Dalton, 50 F.3d 1014, 1017 ("we are persuaded that Congress did not intend the Contract Disputes Act to apply to GBL-based transportation services of this sort at issue in these cases"); Inter-Coastal Xpress, 206 F.3d 1357, 1366 ("we agree that Congress intended to have the ICA [Interstate Commerce Act] govern all actions seeking the payment of money for the charges owed on contracts for transportation services between common carriers and the government"). In the same vein, with respect to two shipments purportedly made on behalf of the Federal Aviation Administration, Compl. Exhs. 20, 21, 49 U.S.C. § 40110(d)(4) provides that an aviation "contract dispute that is not addressed or resolved through alternative dispute resolution shall be adjudicated by the Administrator through Dispute Resolution Officers or Special Masters of the Federal

Aviation Administration Office of Dispute Resolution for Acquisition. . . ."

Accordingly, the Contract Disputes Act does provide the basis for jurisdiction to any purported contract between the United States and Tradewinds. Compl. ¶ ¶ 6, 12.

## V. If Tradewinds Were To Possess A Valid Claim Under The Contract Disputes Act, This Court Would Not Possess Subject Matter Jurisdiction Because CDA Prerequisites Have Not Been Followed

Even assuming for the sake of argument that Tradewinds alleged a valid claim under the CDA, the Court would not possess jurisdiction to entertain Tradewinds claims. Section 605 of the CDA sets forth the procedures that "govern the resolution of contract disputes that arise between the government and contractors." Lockheed Martin Corp. v. United States, 70 Fed. Cl. 745, 755 (2006). A plaintiff bringing a claim based upon a contract that is subject to the CDA must comply with the CDA's mandatory exhaustion requirements "by first submitting a 'claim' to and obtaining a 'final decision' from the contracting officer." Sarang Corp. v. United States, 76 Fed. Cl. 560, 564 (2007). A "claim" consists of a "written demand or written assertion by one of the contracting parties seeking, as a mater of right, the payment of money in a sum certain, the adjustment or interpretation of contract terms, or other relief arising under or relating to the contract." 48 C.F.R. § 2.101. Furthermore, a "claim," for the purposes of the CDA, is more than an invoice that is undisputed when submitted. 48 C.F.R. § 2.101 ("A voucher, invoice, or other routine request for payment that is not in dispute when submitted is not a claim."). "The Federal Circuit has interpreted section 605 to impose two distinct prerequisites to this Court's jurisdiction over disputes between the government, this Court recently stated, *to wit*, the contractor must have submitted a 'claim' to a contracting officer, and the contracting officer must have issued a 'final decision' concerning that claim." Lockheed Martin Corp., 70 Fed. Cl. at 755 (citations and

internal quotation marks omitted). Section 605 further requires that the contracting officer issue a decision in writing and furnish a copy of that decision to the contractor. Id.

The United Stats Court of Appeals for the Federal Circuit has enforced the strict limits of the CDA as jurisdictional prerequisites to any suit in the Court of Federal Claims, and has held that this Court does not possess jurisdiction to entertain an action unless the contractor's claim is first presented to the contracting officer. England v. The Swanson Group, 353 F.3d 1375, 1379 (Fed. Cir. 2004); Sarang Corp., 76 Fed. Cl. at 565. Accordingly, even assuming for the sake of argument that Tradewinds had alleged a valid CDA claim, its claim for $16,313 should be dismissed because Tradewinds has not demonstrated that it complied with the jurisdictional prerequisites of the CDA by submitting a claim for a final decision to the contracting officer.

## VI. Tradewinds's Complaint Is Barred By The Statute Of Limitations

In any event, Tradewinds's claims are barred by the six-year statute of limitations applicable to Tucker Act claims. Suits against the United States are subject to a six-year statute of limitations after the claim first accrues. See 28 U.S.C. § 2501; Martinez v. United States, 333 F.3d 1295, 1302 (Fed. Cir. 2003). "The 6-year statute of limitations on actions against the United States is a jurisdictional requirement attached by Congress as a condition of the government's waiver of sovereign immunity and, as such, must be strictly construed." Zakiya v. United States, 79 Fed. Cl. 231, 233 (Fed. Cl. 2007) (citations omitted). "A claim accrues when all events have occurred that fix the alleged liability of the Government and entitle the plaintiff to institute an action." Id. (citations ommitted). "Once plaintiff is on inquiry [notice] that [it] has a potential claim, the statute can start to run." Id. (citations omitted).

Assuming for the sake of argument that Tradewinds had alleged a valid contractual claim against the Government, any such claim arose when any money owed came due. At that time, Tradewinds would have been on notice that it had a claim. Specifically, the last invoice submitted by plaintiff to Trism is dated August 21, 2001. *See* Compl., Exhibit 19. The invoice states that terms of payment shall be "Net 30", meaning that payment in full was expected within 30 days of the date of the invoice. Accordingly, the payment deadline for the last invoice was September 21, 2001. Compl. ¶ 8, Exhibit 19. Therefore, Tradewinds did not file its complaint within the Tucker Act six-year statute of limitations period because it was not filed until December 2007.

Accordingly, plaintiff's claim should be dismissed for failure to comply with the jurisdictional requirement to file within the statutory time period.

## CONCLUSION

For these reasons, the United States respectfully requests that this Court dismiss Tradewinds's complaint pursuant to RCFC 12(b)(1).

Respectfully submitted,

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

/s Reginald T. Blades, Jr.
REGINALD T. BLADES Jr.
Assistant Director

Of Counsel:
LTC KEVIN ROBITAILLE
J. MACKEY IVES
Department of the Army
901. N. Stuart Street, Suite 400
Arlington, VA 22203
Tel. (703) 696-1616
Fax. (703) 696-2532

MARY F. WITHUM
Trial Counsel
Office of the General Counsel
Department of Transportation
1200 New Jersey Avenue, SE
Washington, DC 20590
Tel. (202) 366-9287
Fax. (202) 493-0154

/s Courtney E. Sheehan
COURTNEY SHEEHAN
Department of Justice
Trial Attorney
Commercial Litigation Branch
Civil Division
1100 L Street, N.W.
Attn: Classification Unit
8th Floor
Washington, DC 20530
Tel. (202) 353-7995
Fax. (202) 514-8624

March 19, 2008

Attorneys for Defendant

CERTIFICATE OF FILING

I hereby certify that on this 19th day of March, 2008, a copy of the foregoing "DEFENDANT'S MOTION TO DISMISS" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. The parties may access this filing through the Court's system.

s/ Courtney E. Sheehan